UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LEE MOSS,

    Petitioner,

v.

    Case No. 18-11697
    Honorable Linda V. Parker

THOMAS WINN,

    Respondent.
_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENT TO FILE ADDITIONAL RULE 5 MATERIALS AND AN ANSWER TO THE PETITION

Petitioner Steven Lee Moss ("Petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney David L. Moffitt, Petitioner challenges his convictions for possession with intent to deliver 1,000 or more grams of cocaine in violation of Michigan Compiled Laws § 333.7401(2)(a)(i) and possession of a firearm in the commission of a felony in violation of Michigan Compiled Laws § 750.227b. Respondent filed a motion to dismiss the petition arguing that it is barred by the applicable statute of limitations, 28 U.S.C. § 2244(d)(1). Petitioner filed a response to the motion to dismiss. For the reasons that follow, the Court is denying Respondent's motion.

1

## I. Background

Petitioner was convicted following a bench trial in the Oakland County Circuit Court. The Michigan Court of Appeals affirmed the convictions on Petitioner's appeal of right. *People v. Moss*, No. 319954, 2015 WL 3604582 (Mich. Ct. App. June 9, 2015). On December 22, 2015, the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Moss*, 872 N.W.2d 474 (2015).

On March 22, 2017, Petitioner filed a post-conviction motion for relief from judgment in the trial court, which the court denied. *People v. Moss*, No. 2013-2444744-FC (Oakland Cty. Cir. Ct. Apr. 21, 2017). Petitioner filed an application for leave to appeal, which the Michigan Court of Appeals denied. *People v. Moss,* No. 340609 (Mich. Ct. App. Mar. 15, 2018). Petitioner filed an application for leave to appeal with the Michigan Supreme Court. On May 30, 2018, while his application was pending, Petitioner filed his pending federal habeas petition. The Michigan Supreme Court subsequently denied Petitioner leave to appeal. *People v. Moss*, 918 N.W.2d 817 (2018).

## II. Applicable Law & Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations applies to a petition for the writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* "AEDPA also contains a tolling provision, which specifies that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'" *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016) (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not alleged that a state-created impediment prevented him from filing a timely petition. Consequently, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review."

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the

3

> "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A criminal defendant has ninety days following the entry of judgment by the "state court of last resort" in which to file a petition for a writ of certiorari. Sup. Ct. R. 13.

Petitioner did not file a petition for the writ of certiorari with the United States Supreme Court. The parties agree that his judgment therefore became final ninety days after December 22, 2015 (i.e., the date the Michigan Supreme Court denied his petition for leave to appeal), or on March 21, 2016. (*See* Resp. Br. in Supp. of Mot. at 8, ECF No. 4 at Pg ID 77; Pl.'s Resp. Br. at 3, ECF No. 8 at Pg ID 1482.) The parties disagree, however, on when the one-year limitations period thereafter expired and whether Petitioner's post-conviction motion for relief from judgment—filed in the state court on March 22, 2017—tolled the expiration of the limitations period.

Respondent contends that Petitioner's post-conviction motion was filed one day after AEDPA's limitations period expired and therefore did not toll the limitations period. A state court post-conviction motion filed after the expiration of AEDPA's limitations period does not toll that period because there is no time left to be tolled. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002) (citing *Searcy v.*

4

*Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (holding that the filing of a state court post-conviction motion "did not cause the statute [of limitations] to begin running anew[.]")).

In comparison, Petitioner maintains that because 2016 was a leap year, AEDPA's "one year" limitations period was 366 days (rather than 365 days) and it therefore had not expired when he filed his post-conviction motion. In other words, Petitioner argues that because the one-year limitations period commenced in 2016, which was a leap year containing 366 days, it did not expire until March 22, 2017—the same day he filed his post-conviction motion. Petitioner therefore contends that the filing of the motion tolled the running of the limitations period.

Petitioner's argument ignores the fact that Congress expressed AEDPA's limitations period in terms of years, not days, and that the Sixth Circuit—as well as every other Circuit—therefore has adopted the "anniversary method" to calculate AEDPA's statute of limitations. *See Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); *see also, e.g., United States v. Marcello*, 212 F.3d 1005, 1009-1010 (7th Cir. 2000); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999); *Rogers v. United States*, 180 F.3d 349, 355, n. 13 (1st Cir. 1999); *Flanagan v. Johnson*, 154 F.3d 196, 200-202 (5th Cir. 1998); *Mickens v. United States*, 148 F.3d 145, 148 (2nd Cir. 1998). Pursuant to this method, the last day to act (that is, the day on which the one-year period expires) "is the anniversary date of the start

5

of the limitations period." *Ross v. Artuz,* 150 F.3d 97, 103 (2d Cir. 1998); *see also Bronaugh*, 235 F.3d at 285 (determining that the statute of limitations expired on September 9, 1997, the anniversary date of the last date on which the petitioner could have filed a petition for a writ of certiorari in the Supreme Court). The courts have chosen this method because it "has the advantage of being easier for petitioners, their attorneys and the courts to remember and apply." *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001); *see also Marcello*, 212 F.3d at 1009-10 (explaining that the anniversary method "is clear and predictable and therefore easier for litigants to remember, for lawyers to put in their tickler files, and for courts to administer").

Several courts have explicitly applied the anniversary method to leap years, concluding that the petitioner's time to act expired on the same date a year after the limitations period began to run. *See, e.g., Marcello,* 212 F.3d at 1010 (holding that the defendant had until the close of business on the anniversary date of the Supreme Court's denial of certiorari to file his motion under 28 U.S.C. § 2255, even though the intervening period included the extra leap year day); *United States v. Hurst*, 322 F.3d 1256, 1260-62 (10th Cir. 2003) (holding that under the anniversary method, the one-year limitations period for filing a motion to vacate sentence ended on the anniversary date of the day after the expiration of time for petitioning for certiorari with the United States Supreme Court, even though leap

6

day was included in that year); *Ajumu v. Goodrich*, No. 1:13cv189, 2014 WL 1236268, *2 (N.D. Ohio Mar. 25, 2014) (same).

This Court therefore concludes that the limitations period for purposes of § 2244(d)(1) expired on March 21, 2017. Therefore, Petitioner's March 22, 2017 post-conviction motion did not toll the already expired limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602-04 (6th Cir. 2003) (filing of state postconviction relief petition could not statutorily toll one-year limitations period for habeas relief where state court determined that state petition was untimely, and thus not "properly filed," even if petition was only one day late). As such, the current petition is untimely.

Nevertheless, AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Although courts "must be governed by rules and precedents no less than the courts of law[,]" the "exercise of a court's equity powers … must be made on a case-by-case basis." *Id.* at 649-50 (internal quotation marks and citations omitted). The "flexibility" inherent in "equitable procedure" enables courts "to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct ... particular injustices." *Id.* at 650. Further, because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court can, in the

interest of judicial economy, proceed to the merits of a habeas petition. *See Smith v. State of Ohio Dep't of Rehab.*, 463 F.3d 426, 429, n. 2 (6th Cir. 2006).

The Court finds this to be an appropriate case for equitable tolling. Petitioner has been diligently challenging his convictions and only a single days' delay bars him from doing so here. Petitioner cites one Sixth Circuit case in which a panel of the court stated that the petitioner arguably had an extra day when the deadline to act fell in a leap year. *See Fortson v. Carter*, 79 F. App'x 121, 123 (6th Cir. 2003) (unpublished); *see also Brown v. Brewer*, No. 2:15-cv-10638, 2016 WL 28988, at *3 (E.D. Mich. Jan. 4, 2016) (calculating limitations period using 366 days because of a leap year); *Leon v. Parris*, No. 3:15-cv-0094, 2015 WL 4394327, at *2 n.2 (M.D. Tenn. July 16, 2015) (same). While this statement was dicta and ignored Sixth Circuit caselaw holding that the anniversary method should be used, Petitioner's counsel appears to have relied upon the decision in calculating the deadline for Petitioner to file his motion and/or petition.

### III. Conclusion

For these reasons, while the Court concludes that the petition in this case was filed one day late, it is equitably tolling the statute of limitations.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss is **DENIED**;

**IT IS FURTHER ORDERED** that Respondent shall file an answer addressing the merits of Petitioner's habeas claims and any Rule 5 materials that have not already been submitted to the Court within sixty (60) days of the date of this Opinion and Order.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: June 19, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 19, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager