UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LEE MOSS,

      Petitioner,

v.

                          Case No. 18-11697
                          Honorable Linda V. Parker

THOMAS WINN,

      Respondent.
_____/

## OPINION AND ORDER

Petitioner Steven Lee Moss ("Petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In his application, filed by counsel, Petitioner challenges his convictions in the Circuit Court for Oakland County, Michigan, for possession with intent to deliver 1,000 or more grams of cocaine in violation of Michigan Compiled Laws § 333.7401(2)(a)(i) and possession of a firearm in the commission of a felony in violation of Michigan Compiled Laws § 750.227b. Petitioner also has filed two motions for summary judgment (ECF Nos. 12, 13) and a motion for release on bond (ECF No. 14).

Because the Court concludes that Petitioner is not entitled to habeas relief, it is denying his application for the writ of habeas corpus and his pending motions.[1]

## I. Background

Petitioner was convicted of the above offenses following a bench trial in the Oakland County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals when denying Petitioner's direct appeal:

> Defendant's convictions arise from his purchase of 10 kilograms of cocaine from a police undercover informant. After learning that defendant was interested in acquiring a large amount of cocaine and after conducting preliminary surveillance of defendant's activities, the police arranged for defendant to meet their informant. In addition to the police testimony, the prosecution presented evidence of video and audio recordings capturing the meetings and telephone conversations between defendant and the informant. The first meeting, on November 6, 2012, lasted approximately 30 minutes and defendant agreed to purchase 10 kilograms of cocaine. At their next meeting on November 7, 2012, defendant and the informant discussed the drug deal, and

---

[1] In his motion for bond, Petitioner asks to be released while his habeas petition is pending due to the COVID-19 pandemic and the greater risk of severe illness he may face if he contracts the virus as a result of an underlying medical condition. (ECF Nos. 15, 17.) To obtain relief, however, Petitioner must demonstrate (1) "a substantial claim of law based on the facts surrounding the petition" and (2) "some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964)); *Clark v. Hoffner*, No. 16-11959, 2020 WL 1703870, at *2 (E.D. Mich. Apr. 8, 2020) (unpublished). For the reasons discussed in this Opinion and Order, Petitioner cannot satisfy the first requirement.

> defendant unsuccessfully attempted to persuade the informant to increase the purchase amount to 40 kilograms. In a restaurant parking lot, the informant showed defendant 10 kilograms of cocaine that were hidden in a compartment of an undercover police van. Defendant was instructed to contact the informant if he wanted to consummate the deal. Defendant contacted the informant on November 8, 2012, and they agreed to meet at a restaurant. They then agreed to transact the drug deal on November 9, 2012, which was when defendant believed he would have all the purchase money. Defendant unsuccessfully attempted to convince the informant to complete the transaction at defendant's house. Defendant also discussed his desire for future transactions with the informant. On November 9, 2012, defendant and the informant met in the parking lot of a Home Depot store, as planned. The informant was accompanied by another undercover officer who drove the van containing the drugs, and defendant also brought an associate with him. After defendant showed that he had the purchase money, which was in a suitcase in his car, the men walked to the undercover van where defendant was again shown the product. Defendant took possession of the van keys, got in the driver's seat, and turned on the ignition before the police remotely disabled the van. Defendant fled the vehicle on foot, but was arrested after a brief chase.

*People v. Moss*, No. 319954, 2015 WL 3604582, at *1 (Mich. Ct. App. June 9, 2015) (internal footnote omitted). These facts are presumed correct on habeas

3

review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

Following his conviction, Petitioner filed a direct appeal and requested a remand for a *Ginther* hearing.[2] The matter was remanded, and Petitioner filed a motion for new trial based on ineffective assistance of counsel. After conducting a one-day hearing, the trial court denied Petitioner's motion. Petitioner's convictions were thereafter affirmed on direct appeal, *see Moss*, 2015 WL 3604582, *leave denied* 872 N.W.2d 474 (Mich. 2015).

Petitioner then filed a post-conviction motion for relief from judgment in the trial court. In his motion, Petitioner raised a sentencing claim and the claims he now asserts in his habeas petition. (*See* ECF No. 5-10.) The trial court denied the motion. (ECF No. 11.) The Michigan appellate courts denied Petitioner leave to appeal. (ECF Nos. 13, 14); *see also People v. Moss*, No. 340609 (Mich. Ct. App. Mar. 15, 2018), *leave denied* 503 Mich. 886, 918 N.W.2d 817 (2018).

Petitioner then filed the pending application for the writ of habeas corpus, raising the following claims:

> I. Petitioner was deprived of his right to be represented by an attorney who would subject the prosecution's case to meaningful adversarial testing when his attorney agreed to a stipulated fact trial without Petitioner's authorization, conceded that "the crime occurred," and waived opening statement and closing argument.

---

[2] *See People v. Ginther*, 212 N.W.2d 922 (1973).

> II. Petitioner was deprived of his Sixth Amendment right to counsel of choice during several critical stages of the proceedings and did not knowingly and intelligently waive his right to be represented by his retained counsel, Steingold, when he was represented by nonretained Attorney Dwyer without authorization.
>
> III. Where the prosecution's case relied solely on witness testimony, counsel's complete failure to conduct pretrial preparatory investigative interviews of any of the prosecution's witnesses constructively deprived Petitioner of his Sixth Amendment right to counsel because counsel was unable to subject the prosecution's case to any meaningful adversarial testing.
>
> IV. Petitioner received ineffective assistance of appellate counsel and has good cause for failing to raise the constitutional violations set forth within on direct appeal.

Respondent filed a motion to dismiss arguing that the habeas petition was barred by the one-year limitations period found in 28 U.S.C. § 2244(d)(1). This Court denied Respondent's motion and ordered Respondent to file an answer to Petitioner's claims. *Moss v. Winn*, No. 18-11697, 2019 WL 2523550 (E.D. Mich. June 19, 2019). Respondent thereafter filed an Answer to the Petition. (ECF No. 10).[3] As indicated, Petitioner subsequently filed two motions for summary judgment (ECF Nos. 12, 13) and a motion for release on bond (ECF No. 14).

---

[3] To the extent Respondent again argues in his Answer that the petition is barred by the statute of limitations, this Court rejects those arguments for the reasons stated in its earlier opinion and order denying the motion to dismiss.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.*

7

Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

When reviewing a claim under AEDPA's deferential standard of review, a federal habeas court must review "the last state court to issue a reasoned opinion on the issue." *Hoffner v. Bradshaw*, 622 F.3d 487, 505 (6th Cir. 2010) (quoting *Payne v. Bell*, 418 F.3d 644, 660 (6th Cir. 2005)). The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's post-conviction application for leave to appeal in unexplained one-sentence orders. Accordingly, this Court must "look through" those decisions to the Oakland County Circuit Court's opinion denying Petitioner's motion for relief from judgment, which was the last state court to issue a reasoned opinion. Although the trial court found Petitioner's claims procedurally defaulted pursuant to Michigan Court Rule 6.508(D)(3) based on his failure to show cause and prejudice for not raising the claims on direct appeal, the court also denied the claims on their merits. Thus, AEDPA's deferential standard of review applies to that decision.[4] *See Moritz v. Lafler*, 525 F. App'x 277, 284 (6th Cir. 2013).

---

[4] Respondent argues that Petitioner procedurally defaulted his first and third claims because he failed to show cause and prejudice for failing to raise them on his appeal of right, as required by Michigan Court Rule 6.508(D)(3). Petitioner argues in his fourth claim that appellate counsel was ineffective. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529

### III. Discussion

In his first three claims, Petitioner contends that he was denied the effective assistance of trial counsel. In his fourth claim, Petitioner claims he was denied the effective assistance of appellate counsel due to counsel's failure to raise his remaining claims on direct appeal.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that the state court's adjudication of these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt*, 395 F. 3d 602, 617 (6th Cir. 2005).

In his first and third claims, Petitioner argues that he was constructively denied the assistance of counsel because his trial counsel failed to subject the

---

U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of the defaulted claims, it is easier to consider the merits of the claims. *See Akrawi v. Booker*, 572 F.3d 252, 261 (6th Cir. 2009). Petitioner did not procedurally default his ineffective assistance of appellate counsel claim because post-conviction review was the first opportunity he had to raise that claim. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

9

prosecutor's case to meaningful adversarial testing. More specifically, Petitioner maintains that by agreeing to a stipulated fact trial, not conducting pretrial preparatory investigative interviews of the prosecution's witnesses, waiving opening statement and closing argument, and not cross-examining the State's witnesses, counsel conceded Petitioner's guilt. In *Strickland*, the Supreme Court recognized that prejudice is presumed in certain contexts, such as where a defendant has been denied the "actual or constructive … assistance of counsel altogether[.]" 466 U.S. at 692. Where defense counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing," there has been a constructive denial of counsel, and a defendant need not make a showing of prejudice to establish ineffective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 659 (1984); *see also Moss v. Hofbauer*, 286 F.3d 851, 860 (6th Cir. 2002) (citing *Cronic*). However, for prejudice to be presumed based on defense counsel's failure to test the prosecutor's case, "the attorney's failure must be complete." *Bell v. Cone,* 535 U.S. 685, 697 (2002).

The trial court rejected Petitioner's ineffective assistance of counsel claims, applying the *Strickland* standard rather than the *Cronic* test. (ECF No. 5-11 at Pg ID 914.) The trial court concluded that, contrary to Petitioner's assertion, "the record d[id] not reflect a 'complete' failure of counsel." (*Id.*) Instead, defense counsel's testimony at the *Ginther* hearing and the record reflected that "given the

evidence against Defendant, which included recorded telephone calls between Defendant and the informant and audio/video recordings of Defendant's meetings with the informant, the defense strategy was to focus on an entrapment defense" and, after the trial court denied the motion, to have a stipulated-fact bench trial to expedite an appeal of that decision. (*Id.*)

The trial court concluded that, in light of this strategy and the overwhelming evidence of Petitioner's guilt, defense counsel's decision to waive an opening statement and closing argument and not cross-examine the prosecutor's witnesses during the bench trial could not be deemed ineffective. (*Id*. at Pg ID 915.) Additionally, the trial court found defense counsel's decision to expend his efforts and resources developing the entrapment defense rather than investigating witnesses to challenge Petitioner's factual guilt reasonable in light of this strategy and the overwhelming evidence against Petitioner. (*Id.*) Moreover, the trial court reasoned that Petitioner failed to show that the testimony of any witness who counsel failed to interview would have benefitted Petitioner at trial. (*Id.* at Pg ID 915-16.) This Court cannot conclude that the state court's decision was contrary to or unreasonable application of *Strickland*.

Petitioner compares his case to *Brookhart v. Janis*, 384 U.S. 1, 6-7 (1966). In *Brookhart*, the Supreme Court held that a criminal defendant did not intelligently and knowingly agree to his counsel conducting a "prima facie" trial, in

11

which no witnesses would be cross-examined or called on the defendant's behalf. *Id.* at 7. After the trial court stated that in such a case a defendant admits his guilt, the defendant interjected that he was "in no way … pleading guilty[.]" *Id.* The Supreme Court held that the constitutional rights of a defendant cannot be waived by his counsel under such circumstances. *Id.* Counsel "can[not] override his client's desire expressed in open court to plead not guilty." *Id.* at 7-8.

However, in *Florida v. Nixon*, 543 U.S. 175 (2004), the Supreme Court held that trial counsel's failure to obtain the petitioner's express consent to a strategy of conceding guilt at the guilt phase of a capital trial did not automatically render counsel's performance deficient. *Id.* at 192. In *Nixon*, in the face of overwhelming evidence of the petitioner's guilt of murder, defense counsel decided to focus on the penalty phase to avoid the death penalty for his client. *Id*. at 179-81. At trial, defense counsel cross-examined prosecution witnesses only when he believed their statements needed clarification and offered no defense. *Id.* at 183. Notably, the *Nixon* Court concluded that the *Strickland* standard governed the analysis of the Petitioner's ineffective assistance of counsel claim, rather than *Cronic*'s presumption-of-prejudice standard. *Id*. at 190-91.

Yet in a subsequent case, where the defendant "vociferously" opposed counsel's similar strategy at every opportunity, the Supreme Court found that the defendant's constitutional rights had been violated. *McCoy v. Louisiana*, 138 S.

12

Ct. 1500, 1505, 1509 (2018).  The *McCoy* Court reasoned that while "[t]rial management is the lawyer's province," including decisions as to "what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence," a criminal defendant is entitled to "[a]utonomy to decide that the objective of the defense is to assert innocence" and to "insist on maintaining her innocence at the guilt phase of a capital trial." *Id.* at 1508.

     Here, unlike *Brookhart* and *McCoy*, trial counsel did not concede Petitioner's guilt over Petitioner's protestations of his innocence.  Instead, counsel explained to Petitioner that his only defense to the charges was an entrapment defense and that if the trial court rejected the defense, the most expeditious way to have that decision reviewed, was to proceed with a bench trial at which stipulated facts were offered in light of the overwhelming evidence of his guilt to the charges. (11/21/14 Hr'g Tr. at 20-21, 26-27, ECF No. 5-9 at Pg ID 766-67, 772.)  Petitioner never voiced his objections to this trial strategy until he filed his motion for post-conviction relief.[5]

---

[5] Defense counsel did file a motion seeking a jury trial after the trial court denied Petitioner's motion to dismiss, because Petitioner had moved to disqualify the trial court.  (11/1/13 Hr'g Tr. at 45-46, ECF No. 5-5 at Pg ID 655-56.)  The trial court denied the motion, however.  (*Id.*)

Nor did trial counsel fail to subject the prosecutor's case to meaningful adversarial testing. During a three-day motion hearing concerning Petitioner's entrapment defense, trial counsel called witnesses and extensively cross-examined the prosecution's witnesses. (*See* 9/16/13, 9/17/13 & 9/19/13, ECF Nos. 5-2 to 5-4.) Petitioner acknowledged during the *Ginther* hearing that the testimony from the entrapment hearing—which included defense counsel's cross-examination—was what was considered during the bench trial. (11/12/14 Hr'g Tr. at 97, ECF No. 5-9 at Pg ID 843.) At a hearing on Petitioner's motion to dismiss, counsel also vigorously argued that the trial court should find that Petitioner had been entrapped. (11/1/13 Hr'g Tr, ECF No. 5-5.)

Petitioner also asserts that trial counsel was ineffective in failing to conduct pretrial preparatory investigative interviews of the prosecution's witnesses. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Nevertheless, "a petitioner cannot show deficient performance or prejudice resulting from a failure to investigate if the petitioner does not make some showing of what evidence counsel should have pursued and how such evidence would have been material." *Hutchison v. Bell*, 303 F.3d 720, 74-49 (6th Cir. 2002) (citing *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *Martin v. Mitchell*, 280 F.3d 594, 608 (6th Cir. 2002)). Petitioner has not shown—here or in the state courts—how

14

counsel's pretrial interviews of the prosecution's witnesses would have been beneficial to his defense. Moreover, defense counsel made a strategic decision to focus on the entrapment hearing rather than the fact trial, which again cannot be said to have been an unreasonable strategic decision given the overwhelming evidence of Petitioner's factual guilt.

For these reasons, the Court concludes that Petitioner is not entitled to habeas relief based on his claims that trial counsel rendered ineffective assistance.

Petitioner next claims that he was denied the right to be represented by his counsel of choice when his retained attorney, David Steingold, had another attorney, Lisa Dwyer, assist and conduct questioning on the first day of the entrapment hearing. (*See* 9/16/13 Hr'g Tr., ECF No. 5-2.) Mr. Steingold also was present during the proceedings. (*Id.* at 3, Pg ID 103.) Ms. Dwyer was present without Mr. Steingold, however, when the bench trial verdict was rendered. (*See* 11/22/13 Trial Tr., ECF No. 5-7.)

An element of a defendant's Sixth Amendment right to counsel is "the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (citations omitted). The Supreme Court has not held, however, that a defendant's right to counsel of choice is necessarily violated when chosen counsel is assisted by or requests stand-in counsel to handle proceedings. Nor has the Supreme Court

15

held that counsel is "absent" in the sense of *Cronic* when stand-in counsel is present. Because no United States Supreme Court precedent deals with the issue of "stand in" counsel in the context of counsel-of-choice or ineffective assistance of counsel claims, the trial court did not engage in an unreasonable application of Supreme Court precedent when it held that Petitioner was not denied his choice of counsel. *See Carroll v. Renico*, 475 F.3d 708, 712-14 (6th Cir. 2007) (petitioner's right to counsel was not denied when co-defendant's counsel stood in for petitioner's counsel during portion of the reinstruction of the jury; co-defendant's attorney objected to conspiracy instruction on behalf of both defendant and co-defendant); *United States v. Dykes,* 460 F. 2d 324, 325 (9th Cir. 1972) (defendant was not deprived of effective representation of counsel because a substitute defense attorney was present when the jury was instructed where defendant expressed no objection when the substitute attorney introduced himself to the court and explained why defendant's regular attorney could not be present and instructions given were standard).

Notably, Petitioner never objected to Ms. Dwyer's representation during the proceedings. In fact, he did not raise concerns about her representation on direct appeal or during his *Ginther* hearing testimony. Moreover, although a criminal defendant must knowingly and intelligently waive his right to counsel, *see Brewer v. Williams,* 430 U.S. 387, 404 (1977); *Johnson v. Zerbst*, 304 U.S. 458, 464

16

(1938), the Supreme Court has never required a trial court to ask a defendant whose counsel of choice is not present whether he or she consents to "stand in" counsel, or to insure that the defendant's consent to "stand in" counsel is informed. *Carroll,* 475 F. 3d at 713.

Because Petitioner was represented by "stand in" counsel when his retained counsel was absent (or present, but not conducting the questioning), Petitioner was not actually or constructively denied the assistance of counsel. Therefore, the appropriate standard for reviewing Petitioner's claim concerning Ms. Dwyer's representation is the *Strickland* standard, pursuant to which Petitioner must show that Ms. Dwyer's performance was deficient and that the deficient performance prejudiced his defense. *See Miller v. Leonard*, 65 F. App'x. 31, 34-35 (6th Cir. 2003) (applying *Strickland* standard in rejecting claim that "stand in" counsel was ineffective for failing to object to trial court's supplemental jury instruction). Petitioner has not articulated how Ms. Dwyer performed deficiently or how her representation prejudiced his defense.

For these reasons, Petitioner is not entitled to relief on his second claim.

Lastly, Petitioner argues he was denied the effective assistance of appellate counsel. The Sixth Amendment guarantees a defendant the right to effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional

duty to raise every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). When evaluating an ineffective assistance of appellate counsel claim, a federal habeas court must defer twice: first to appellate counsel's decision not to raise an issue and secondly, to the state court's determination that appellate counsel was not ineffective. *Woods v. Etherton*, 136 S. Ct. 1149, 1153 (2016) (per curiam) ("Given AEDPA, both Etherton's appellate counsel and the state habeas court were to be afforded the benefit of the doubt.").

For the reasons discussed above, Petitioner's first through third claims are meritless. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Petitioner therefore is not entitled to habeas relief based on his fourth claim.

## IV. Conclusion

For the reasons set forth above, the Court holds that Petitioner is not entitled to the writ of habeas corpus. Given this determination, the Court is denying as moot Petitioner's motions for summary judgment and motion for bond. Before Petitioner can appeal these decisions, he must obtain a certificate of appealability.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a petitioner must demonstrate "that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted). Jurists of reason could not debate the correctness of this Court's rejection of Petitioner's grounds for habeas relief. Nevertheless, if Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motions for summary judgment and motion for bond are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner is denied a certificate of appealability but granted leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 29, 2020