UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LEE MOSS,

Petitioner,

Case No. 4:18-CV-11697
v.                                                    Honorable Linda V. Parker

GARY MINIARD, [1]

Respondent.

_____/

**OPINION AND ORDER GRANTING IN PART PETITIONER'S MOTION
FOR RECONSIDERATION (ECF NO. 21) AND
DIRECTING THE CLERK OF THE COURT TO REOPEN THE CASE TO
THE COURT'S ACTIVE DOCKET**

Petitioner Steven Lee Moss ("Petitioner") filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254, by his attorney David L. Moffitt.  Petitioner

challenged his conviction for possession with intent to deliver 1,000 or more grams

of cocaine in violation of Michigan Compiled Laws § 333.7401(2)(a)(i) and

possession of a firearm in the commission of a felony in violation of Michigan

Compiled Laws § 750.227b.  This Court denied the petition on the merits.  *Moss v.

Winn*, No. 18-11697, 2020 WL 5793268 (E.D. Mich. Sept. 29, 2020).  Petitioner

has filed a motion for reconsideration, which has been fully briefed.  (ECF Nos.

_____

[1] The Court amends the caption to reflect that Gary Miniard is now the warden at
the prison where Petitioner is incarcerated.

1

21, 23, 25.)  The Court initially scheduled the motion for hearing but due to the lengthy hospitalization of Petitioner's attorney, the hearing was not held at the initially scheduled time.  Having reviewed the parties' submissions, the Court concludes that a hearing is unnecessary and is granting in part Petitioner's motion.

As an initial matter, the Court directs the Clerk of the Court to reopen the case to the Court's active docket.  Federal courts can order that a habeas petition be reinstated when necessary to adjudicate further issues.  *See e.g. Rodriguez v. Jones*, 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009); *See also Watkins v. Haas*, No. 2:10-CV-13199, 2020 WL 8765937, at *2 (E.D. Mich. Aug. 26, 2020)(reopening habeas case after granting motion for reconsideration).

## Standard of Review

The Local Rules for the Eastern District of Michigan provide the following standard for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain."  *Mich. Dep't of Treasury v. Michalec*, 181 F.

Supp. 2d 731, 734 (E.D. Mich. 2002).  Petitioner cites several reasons why the

Court committed a palpable defect when denying his request for habeas relief.

First Petitioner argues that the deferential standard of review found in the

Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d),

should not apply to the constructive denial of counsel claims that he raised in his

first and third claims because the trial court judge, on post-conviction review, did

not adjudicate those claims on the merits.  According to Petitioner, this Court

should have reviewed the claims *de novo.*

AEDPA imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the
> merits in State court proceedings unless the adjudication of the
> claim–
>
> (1)     resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).  However, when a state court fails to adjudicate a

habeas petitioner's claim on the merits, federal habeas review is not subject

to the deferential standard contained in the statute.  *Cone v. Bell*, 556 U.S.

449, 472 (2009).  Instead, the federal habeas court is required to review the

claim *de novo.  Id.*

3

Petitioner's claims were raised in his motion for post-conviction relief from judgment.  In reviewing a claim under AEDPA's deferential standard of review, this Court must review "the last state court to issue a reasoned opinion on the issue."  *Hoffner v. Bradshaw*, 622 F. 3d 487, 505 (6th Cir. 2010) (quoting *Payne v. Bell*, 418 F.3d 644, 660 (6th Cir. 2005)).  The Michigan Court of Appeals and the Michigan Supreme Court both denied Petitioner's post-conviction application for leave to appeal in unexplained one-sentence orders.  Accordingly, this Court looked to the Oakland County Circuit Court opinion denying the motion for relief from judgment, which was the last state court to issue a reasoned opinion, when determining whether that court's adjudication of Petitioner's claims was "contrary to," or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court.  *See Hamilton v. Jackson*, 416 F. App'x. 501, 505 (6th Cir. 2011).

The post-conviction judge in her opinion mentioned that most ineffective assistance of counsel claims are reviewed under the standard found in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a defendant to show that counsel's performance was deficient, and that the deficient performance prejudiced the defense.  (*See* ECF No. 5-11 at Pg ID 913-14.)  The judge then stated:  "When counsel 'entirely fails to subject the prosecution's case to "meaningful adversarial testing,' however, prejudice is presumed for the purpose of establishing a claim of ineffective assistance of counsel."  (*Id.* at Pg ID 914 (quoting *United States v.*

4

*Cronic,* 466 U.S. 648, 659 (1984)).)  The judge stated further that "the *Cronic* test applies when the attorney's failure is *complete*, while the Strickland test applies when counsel failed at specific points of the proceeding."  (*Id.* (emphasis in original) (quoting *People v. Frazier*, 733 N.W.2d 713, 721 (2007)).).  The trial judge concluded that, contrary to Petitioner's assertion, "the record d[id] not reflect a 'complete' failure of counsel."  (*Id.*).  Instead, defense counsel's testimony at the *Ginther* hearing [2] and the record reflected that "given the evidence against Defendant, which included recorded telephone calls between Defendant and the informant and audio/video recordings of Defendant's meetings with the informant, the defense strategy was to focus on an entrapment defense" and, after the trial court denied the motion on the entrapment defense, to have a stipulated-fact bench trial to expedite an appeal of that decision.  (*Id.*).

Thus, contrary to Petitioner's assertion, the state court did discuss Petitioner's assistance of counsel claims under *Cronic*'s constructive denial of counsel standard and concluded that Petitioner failed to show trial counsel's complete failure to subject the prosecution's case to meaningful adversarial testing which would entitle Petitioner to a presumption of prejudice on his claims. Whether this determination was reasonable or unreasonable, the state court adjudicated Petitioner's constructive denial of counsel claims on the merits. AEDPA's deferential standard of review therefore applies, and Petitioner is not

---

[2] *See People v. Ginther*, 212 N.W. 2d 922 (1973).

entitled to *de novo* review on his *Cronic* claims. *Compare Ray v. Bauman,* 326 F.
Supp. 3d 445, 459 (E.D. Mich. 2018) (concluding that AEDPA deference did not
apply to the petitioner's constructive denial of counsel claim where the post-
conviction judge overlooked or misconstrued his *Cronic* argument). The trial
judge adjudicated Petitioner's constructive denial of counsel claim on the merits
because she "clearly considered the salient feature of [Petitioner's] *Cronic* claim."
*Smith v. McDonald*, 597 F. App'x. 911, 913 (9th Cir. 2014). Accordingly, this
Court did not commit a palpable defect when reviewing Petitioner's *Cronic* claims
under AEDPA's standard of review.

Petitioner next argues that regardless of which standard of review is
employed, the Court erred in rejecting Petitioner's constructive denial of counsel
claims because trial counsel's decision to stipulate to the use of the testimony from
the entrapment hearing as substantive evidence at the bench trial, counsel's related
decision to stipulate to Petitioner's guilt at the trial, and counsel's failure to
investigate any witnesses or to present any evidence at trial, was *per se* prejudicial.
After considering Petitioner's argument, this Court has again reviewed the lower
court proceedings, the post-conviction judge's opinion, the pleadings filed by the
parties in this case, and the applicable case law, including additional case law not
cited by the parties. Having done so, the Court agrees with Petitioner that it
committed a palpable error when denying him habeas relief on his constructive
denial of counsel claims, because the post-conviction judge's rejection of

Petitioner's *Cronic* claims was unreasonable.  In previously rejecting Petitioner's claims, this Court clearly overlooked several salient factual or legal matters regarding the claims, which the Court discusses below. [3]

## Procedural Default

Before addressing Petitioner's underlying claims, however, this Court must address the procedural default issue raised by Respondent in the Answer, which the Court previously declined to reach in light of its conclusion that the claims did not warrant habeas relief.  Respondent urged this Court to procedurally default Petitioner's first and third claims because Petitioner failed to show cause and prejudice for failing to raise them on his appeal of right, as required by Michigan Court Rule 6.508(D)(3).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless the petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If the petitioner fails to show cause for the procedural default, it is unnecessary for the court to reach the prejudice issue.  *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error

---

[3] This Court set forth the factual and procedural background of this case in its prior decision and, therefore, finds it unnecessary to reiterate them here.  *See Moss*, 2020 WL 5793268, at *1-2.

has probably resulted in the conviction of one who is innocent, a federal court may

consider the constitutional claims presented even in the absence of a showing of

cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).

However, to be credible, such a claim of innocence requires a petitioner to support

the allegations of constitutional error with new reliable evidence that was not

presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual

innocence' means factual innocence, not mere legal insufficiency." *Bousley v.*

*United States*, 523 U.S. 614, 624 (1998).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant post-

conviction relief to a defendant if the motion for relief from judgment alleges

grounds for relief that could have been raised on direct appeal, absent a showing of

good cause for the failure to raise such grounds previously and actual prejudice

resulting therefrom.

The Michigan Supreme Court rejected Petitioner's post-conviction appeal on

the ground that "the defendant has failed to meet the burden of establishing

entitlement to relief under MCR 6.508(D)." *People v. Moss*, 918 N.W.2d 817

(Mich. 2018). The Michigan Court of Appeals denied Petitioner's post-conviction

appeal in a form order "because the defendant has failed to establish that the trial

court erred in denying the motion for relief from judgment." (ECF No. 5-13 at Pg

ID 1099.) These orders, however, did not refer to subsection (D)(3) nor did they

mention Petitioner's failure to raise his claims on his direct appeal as their rationale

for rejecting his post-conviction appeals.  Because the form orders in this case are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained.  *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).  This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Petitioner's claims.  *Id.*

The trial judge, in denying Petitioner's motion for post-conviction for relief, indicated that Petitioner failed to show cause and prejudice for not raising his claims on his appeal of right, as required under Michigan Court Rule 6.508(D)(3). (ECF No. 5-11 at Pg ID 915.)  At the conclusion of the opinion, the judge denied the post-conviction motion pursuant to Michigan Court Rule 6.508(D)(3).  (*Id.* at Pg ID 917.)  Because the court relief on Rule 6.508(D)(3) in denying Petitioner's claims, they are procedurally defaulted under the rule.  *See Ivory v. Jackson,* 509 F. 3d 284, 292-93 (6th Cir. 2007).  The fact that the trial court may have also discussed the merits of Petitioner's claims in addition to invoking the provisions of Rule 6.508(D)(3) to reject Petitioner's claim does not alter this analysis.  *See Northrop v. Horton*, 779 F. App'x 312, 315 (6th Cir. 2019) (citing *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) and *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)).  Petitioner's *Cronic* claims are procedurally defaulted.

Petitioner argues in his fourth claim that appellate counsel was ineffective. Ineffective assistance of counsel may establish cause for procedural default of his

*Cronic* claim.  *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  Petitioner

could not procedurally default his ineffective assistance of appellate counsel claim

because post-conviction review was the first opportunity he had to raise this claim.

*See Guilmette*, 624 F.3d at 291.  If Petitioner can show that he received ineffective

assistance of appellate counsel that rose to the level of a Sixth Amendment

violation, it would excuse his procedural default for failing to raise his claims on

his direct appeal in the state courts.  *Seymour v. Walker*, 224 F.3d 542, 550 (6th

Cir. 2000).

The Sixth Amendment guarantees a defendant the right to effective

assistance of counsel on the first appeal by right.  *Evitts v. Lucey*, 469 U.S. 387,

396-397 (1985).  A defendant must satisfy *Strickland*'s two-prong test to show the

denial of the effective assistance of counsel.  *See supra.*  With respect to the first

prong—deficient performance—the defendant must overcome a strong

presumption that counsel's behavior lies within the wide range of reasonable

professional assistance.  *Strickland*, 466 U.S. at 687.  The defendant must

overcome the presumption that, under the circumstances, the challenged action

might be sound trial strategy.  *Id*. at 689.  As to the second prong—prejudice to the

defendant's defense—the defendant must show that "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  *Id*. at 694.  The *Strickland* standard

10

applies to claims of ineffective assistance of appellate counsel.  *See Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

A less stringent standard of review is applied when assessing whether a claim of ineffective assistance satisfies the "cause" requirement of *Coleman*, than when reviewing a freestanding independent ineffective assistance of counsel claim. For purposes of establishing cause under *Coleman*, the question for the federal habeas court is not whether the state court's decision was unreasonable, but whether there was an independent Sixth Amendment violation under *Strickland*. Stated differently, the level of scrutiny of the ineffective assistance of counsel claim is the same as would be applied on direct review.  *See Joseph v. Coyle*, 469 F.3d 441, 459 (6th Cir. 2006).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel."  *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome."  *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).  Appellate counsel, however, may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a

11

reversal on appeal.  *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner's constructive denial of counsel claims are meritorious and provide a basis for granting Petitioner habeas relief.  These claims were clearly stronger than the issues raised by appellate counsel on Petitioner's appeal of right. The two constructive denial of counsel claims were clearly dead-bang winners because the errors were obvious from the record and "leaped out upon even a casual reading of the transcript."  *Matire v. Wainwright*, 811 F.2d 1430, 1438 (11th Cir.1987).  Buttressing this conclusion is the fact that appellate counsel on the appeal of right raised a claim that trial counsel was ineffective for waiving Petitioner's right to a jury trial and then stipulating to the admission of all the evidence from the entrapment hearing as substantive evidence at the bench trial, but appellate counsel only used the *Strickland* standard for ineffective assistance of counsel claims without mentioning *Cronic.*  Appellate counsel also failed to argue that Petitioner was constructively denied the assistance of counsel based on trial counsel's clear omissions.  (ECF No. 5-12 at Pg ID 1008-12.)

"While both *Cronic* and *Strickland* concern Sixth Amendment violations, they are distinct legal claims and the difference between the two 'is not of degree but of kind.'"  *Fusi v. O'Brien*, 621 F.3d 1, 6 (1st Cir. 2010).  The *Strickland* test "requires a case-by-case analysis of whether counsel's deficiencies affected the

outcome of a trial, while *Cronic* permits a presumption of prejudice if an actual or constructive denial of counsel occurs during a critical stage of the trial.  These claims, while based on similar factual underpinnings, are separate and distinct.  A defendant's reliance on one theory in state court does not exhaust the other."  *Id.*  Appellate counsel in this case clearly failed to raise a *Cronic* claim on Petitioner's appeal of right, did not urge the Michigan Court of Appeals to employ a presumed prejudice standard in reviewing Petitioner's claim, nor did she argue that Petitioner was constructively denied the assistance of counsel, even though appellate counsel had all the facts in front of her.  This Court believes that appellate counsel was ineffective for failing to raise a *Cronic* claim considering the facts she was clearly aware of when she reviewed the trial court record.  As discussed below, Petitioner's *Cronic* claims are meritorious.  Appellate counsel's ineffectiveness in failing to raise these claims on Petitioner's appeal of right excuses the procedural default in this case.

### Analysis

Where defense "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," there has been a constructive denial of counsel, and a defendant need not make a showing of prejudice to establish ineffective assistance of counsel.  *Moss v. Hofbauer,* 286 F.3d 851, 860 (6th Cir. 2002) (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984)).  However, for a

presumption of prejudice to arise based on an attorney's failure to test the prosecutor's case, so that reversal based on ineffective assistance of counsel is warranted without any inquiry into prejudice, the attorney's failure to test the prosecutor's case "must be complete." *Bell v. Cone*, 535 U.S. 685, 697 (2002).

Petitioner contends that he was constructively denied the assistance of counsel because his trial counsel, after losing a pre-trial motion to dismiss the charges on the ground of entrapment, agreed to conduct a bench trial at which counsel essentially conceded Petitioner's guilt to the charges by stipulating to the admission of the transcript from the entrapment hearing as substantive evidence without offering any additional evidence on Petitioner's behalf. Counsel also made several statements at the trial that amounted to a stipulation that Petitioner was guilty. Counsel waived opening argument, waived cross-examination of one of the two live witnesses that were called at the trial, and made no closing argument. Although counsel cross-examined DEA Special Agent John Hill to challenge Hill's qualifications as an expert, counsel proceeded to concede the very issue on which Hill was called to testify—that is, that someone with ten kilos of cocaine intended to sell the cocaine. (*See* ECF No. 5-6 at Pg ID 682.) Thus, in taking the only action that he did during trial, defense counsel conceded the element of intent to deliver in this case.

The trial judge on post-conviction review rejected Petitioner's *Cronic* claims, finding that counsel subjected the case to meaningful testing and that it was valid trial strategy to do a stipulated trial on the transcript from the entrapment hearing so as to preserve the entrapment issue for appeal and to expedite such an appeal. This Court finds this to be an unreasonable application of *Cronic*.

Counsel's decision to stipulate to the admission of the entrapment hearing transcript at trial without advancing any defense, questioning any witnesses, calling any defense witnesses, or even making an argument for acquittal amounted to an abandonment of Petitioner at trial and thus constructively denied Petitioner the assistance of counsel at trial. Counsel's total failure to actively advocate Petitioner's cause amounts to a constructive denial of assistance of counsel. *See Rickman v. Bell,* 131 F.3d 1150, 1154 (6th Cir. 1997).

In *Brookhart v. Janis*, 384 U.S. 1 (1966), the Supreme Court held that a criminal defendant did not intelligently and knowingly agree to his counsel conducting a *prima facie* trial, in which no witnesses would be cross-examined or any witnesses called on the defendant's behalf, because such a trial amounted to the functional equivalent of a guilty plea. *Id.* at 6-7. Likewise, in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), the Supreme Court held that the state trial court violated the defendant's constitutional rights by permitting his counsel to concede that the defendant committed three murders over the defendant's objection during the guilt phase of a capital murder trial, even though counsel reasonably believed

15

that conceding guilt was the best option that the defendant had to avoid a death sentence. *Id.,* at 1505.

In this case, trial counsel's decision to stipulate to the admission of the entrapment hearing transcript at the bench trial in lieu of an actual trial amounted to a concession of guilt on Petitioner's behalf.  Moreover, unlike the trial counsel in *McCoy,* Petitioner's counsel did not agree to a stipulated trial on the transcript believing that Petitioner would receive some substantive benefit from conducting a bench trial, such as a lesser sentence.  The only rationale behind counsel's decision to conduct such a trial was to expedite the appeal.  (*See* 11/21/14 Hr'g Tr. at 21, ECF No. 5-9 at Pg ID 767.)

In *Martin v. Rose,* 744 F. 2d 1245 (6th Cir. 1984), the Sixth Circuit held that a habeas petitioner had been constructively denied the assistance of counsel, within the meaning of *Cronic,* by trial counsel's refusal to participate in the trial because counsel erroneously believed that participation in the trial would either waive the pretrial motions filed by counsel or render their denial harmless error.  "This strategic reasoning, while superficially persuasive, led Martin's counsel to abandon all attempts to defend his client at trial in favor of reversal on appeal, an unreasonable tactic since the attorney was aware of a strong defense that he could present without compromising his earlier motions." *Id.* at 1250.  "The attorney's total lack of participation deprived Martin of effective assistance of counsel at trial

16

as thoroughly as if he had been absent. This was constitutional error even without any showing of prejudice." *Id.* at 1250-51.

In Petitioner's case, while trial counsel's decision to do a stipulated trial on the entrapment hearing transcript to expedite the appeal may have been "superficially persuasive," it led counsel to abandon any efforts to defend Petitioner at trial, in favor of attempting to obtain a reversal of Petitioner's conviction on appeal, which was not forthcoming. Counsel's decision to do so deprived Petitioner of a potential defense. While Petitioner admitted to getting into the van at the Home Depot where the alleged drug transaction took place, he denied handing any money over or seeing anything in the van. (*Id.* at 92-94, Pg ID 838-40.) Petitioner stated further that he did not know that there was a large amount of cocaine in the van. (*Id.*) Petitioner's testimony could have provided the basis for an acquittal or at least a verdict on a lesser offense, as the charge in this case was based on Petitioner possessing over 1,000 grams of cocaine with intent to deliver. If Petitioner had been called to testify before a judge or jury at a full trial, the trier of fact could have heard his testimony that he did not hand over any money or see anything in the van, was unaware of the large amount of cocaine in the van, and the trier of fact would have been able to judge the credibility of the prosecution witnesses and Petitioner in reaching a verdict. "Instead of presenting this defense, which would have required no further preparation, and participating

in the trial to hold the government to its burden of proof, [Petitioner's] trial counsel stood mute, offering the [judge] virtually no option but to convict him, in spite of his plea of not guilty." *Martin*, 744 F.2d at 1250 (internal quotation marks omitted).

Moreover, to this day, neither Respondent, Petitioner's trial counsel, the Michigan Court of Appeals in rejecting Petitioner's related *Strickland* claim on the appeal of right, or the trial judge in rejecting Petitioner's *Cronic* claims on post-conviction review have offered a valid argument as to why or how Petitioner's appeal could be expedited through a stipulated trial on the transcript rather than by conducting a full blown trial, either jury or bench, in which counsel could have cross-examined the witnesses, called defense witnesses on Petitioner's behalf, and argued for a complete acquittal or at least a verdict of guilty on a lesser offense rather than the offense charged.

Compounding the error here is the fact that trial counsel conducted no independent investigation into potential witnesses or defenses, relying instead on the motion to dismiss on entrapment grounds that Petitioner's prior attorney had filed.  (Pet. at 4, ECF No. 1 at Pg ID 5.)  Notably, counsel stepped into the case approximately ten days before the date of the entrapment hearing and the scheduled trial date.  (11/21/14 Hr'g Tr. at 7, 13, ECF No. 5-9 at Pg ID 753, 760.) At the *Ginther* hearing conducted on direct appeal, Petitioner testified that his trial

18

counsel pressured him into waiving his right to a jury trial because counsel said that he would not be prepared and ready to proceed with a jury trial right after the entrapment hearing.  (11/21/14 Hr'g Tr. at 84, ECF No. 5-9 at Pg ID 830.)

The Sixth Circuit has at least twice suggested that a defense counsel's failure to investigate or to present witnesses or evidence amounts to a constructive denial of counsel and should lead a court to infer or presume prejudice.  *Phillips v. White*, 851 F.3d 567, 579 (6th Cir. 2017) (explaining that "[w]hen [defense counsel] neglected to conduct any mitigation investigation at all or present even existing evidence supporting statutory mitigating factors, he ceased functioning as counsel under the Sixth Amendment.");  *Carter v. Bell*, 218 F.3d 581, 595 (6th Cir. 2000) (holding that "the complete failure to investigate, let alone present, existing mitigating evidence is below an objective standard of reasonable representation, and may in fact be so severe as to permit us to infer prejudice").  The Sixth Circuit also has advised that a court should not allow trial counsel's complete failure to investigate to masquerade under "a false label of 'strategy."  *Ramonez v. Berghuis*, 490 F.3d 482, 489 (6th Cir. 2007).  Indeed, such a "description is nonsensical because 'counsel did not even take the first step of interviewing witnesses[.]'" *Fouse v. Houk*, 655 F.3d 524, 536 (6th Cir. 2011) (quoting *Porter v. McCollum*, 558 U.S. 30, 39 (2009)).

In *Florida v. Nixon*, 543 U.S. 175 (2004), the Supreme Court held that a defense counsel's failure to obtain a criminal defendant's express consent to a

strategy of conceding guilt at the guilt phase of a capital trial does not automatically render counsel's performance deficient.  Nevertheless, this Court finds Petitioner's case distinguishable from the defendant in *Nixon*.  In *Nixon,* defense counsel conceded the defendant's guilt to first-degree murder during the guilt phase of a capital murder trial as part of a strategy to focus on presenting mitigation evidence during the penalty phase of the trial in the hope of sparing the defendant being sentenced to death.  *Id.* at 182-84.  Unlike Petitioner's counsel, the attorney in *Nixon "*reserved the right to cross-examine witnesses for the prosecution and could endeavor, as [counsel] did, to exclude prejudicial evidence." *Id.* at 188.  Counsel in *Nixon* also presented significant mitigation evidence during the penalty phase in an attempt to get the jury to reject the death penalty and impose a life sentence.  *Id.* at 183-84.

Here, in comparison, Petitioner's trial counsel undertook no investigation of any witnesses or any possible defenses that could have been raised at trial. Counsel failed to interview the prosecution's witnesses and made no attempt to contact witnesses Petitioner listed as being favorable to his defense.  Counsel raised absolutely no defense at trial.  Counsel in fact essentially stood mute at trial asking limited questions of only one witness.  (*See* 11/18/13 Trial Tr. at 10-13, 17-20, ECF No. 5-6 at Pg ID 678-80, 684-87.)  Those questions did not challenge the witness's testimony or credibility and, with respect to some of counsel's questions, focused on an issue that counsel then conceded.  (*See id.* at 10-13, Pg ID 678-80.)

20

Counsel's remaining questions related to his frivolous argument about an audio recording that the testimony at the entrapment hearing established never existed. (*Id.* at 17-26, Pg ID 684-93.)

Under the circumstances, counsel's conduct amounted to a complete abandonment of Petitioner at his trial.  In insisting on evaluating Petitioner's claim under the *Strickland* standard for ineffective assistance of counsel, the trial judge on post-conviction review "erroneously and unreasonably applied clearly established Supreme Court law set forth in *Cronic*."  *Mitchell v. Mason,* 325 F.3d 732, 741 (6th Cir. 2003).  Petitioner is entitled to habeas relief because the state court unreasonably applied the *Strickland* standard where Petitioner clearly was constructively denied the assistance of trial counsel.  *Id.* at 742.  Because Petitioner was constructively denied the assistance of trial counsel, he need not show actual prejudice.  Accordingly, Petitioner is entitled to a writ of habeas corpus on his first and third claims.

Because this Court's conclusion that Petitioner is entitled to habeas relief on his first and third claims is dispositive of the petition, the Court considers it unnecessary to reconsider Petitioner's second claim and declines to do so. *See Satterlee v. Wolfenbarger,* 374 F. Supp. 2d 562, 567 (E.D. Mich. 2005); *See also Haynes v. Burke,* 115 F. Supp. 2d 813, 819-20 (E.D. Mich. 2000).

**Conclusion**

For the reasons set forth above, the Court concludes that it committed a palpable defect in the evaluation of Petitioner's first and third grounds for habeas relief.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration (ECF No. 21) is **GRANTED IN PART** and Petitioner's application for the writ of habeas corpus is **CONDITIONALLY GRANTED**.  Petitioner shall be released from state custody unless the State of Michigan commences a new trial within 180 days of the entry of final judgment in this case.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 27, 2021

22