UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LEE MOSS,

       Petitioner,

                                        Case No. 18-11697

v.                                        Honorable Linda V. Parker

GARY MINIARD,

       Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR A STAY PENDING APPEAL (ECF No. 43) AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 45)**

      Petitioner Steven Lee Moss ("Petitioner") filed an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court granted in an Opinion and Order issued September 27, 2021. (ECF No. 33.) Judgment was entered on the same date. (ECF No. 34.) The Court has ordered Petitioner released from state custody unless the State of Michigan commences a new trial within 180 days of the entry of final judgment. (ECF No. 33 at Pg ID 1846.) Respondent has appealed the Court's decision (ECF No. 36) and moved to stay pending appeal (ECF No. 43.) Petitioner has moved for bond pending appeal (ECF No. 35) and for the appointment of counsel (ECF No. 45).

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992); *see also* Fed. R. App. P 23(c). Because habeas proceedings are civil in nature, the general standards governing stays of civil judgments guide courts deciding whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776. The factors relevant to the decision are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton*, 481 U.S. at 776; *Workman*, 958 F.2d at 166.

This Court strongly disagrees with Respondent's assertion that he is likely to succeed on appeal, particularly in light of trial counsel's complete failure to meaningfully challenge the prosecutor's case during Petitioner's state court trial. Nevertheless, the Court is granting Respondent a stay pending appeal because resources will be wasted if the State is required to retry Petitioner while the matter proceeds in the Sixth Circuit Court of Appeals. The Court has requested an

investigation by pretrial services before deciding whether to release Petitioner on bond pending appeal and will decide that issue in a separate decision.

As to Petitioner's request for counsel, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Workman*, 958 F.2d at 167. Respondent's notice of appeal therefore divested this Court of jurisdiction to consider Petitioner's motion for the appointment of appellate counsel. *See Murray v. Artl*, 189 F. App'x 501, 504 (7th Cir. 2006); *Grizzell v. Tennessee*, 601 F. Supp. 230, 232 (M.D. Tenn. 1984); *Brinton v. Gaffney*, 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Petitioner's request for counsel is more appropriately addressed to the Sixth Circuit.

Accordingly,

**IT IS ORDERED** that Respondent's Motion for Stay Pending Appeal (ECF No. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF No. 45) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: December 13, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 13, 2021, by electronic and/or U.S. First Class mail.

                                            s/Aaron Flanigan
                                            Case Manager