UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LEE MOSS,

      Petitioner,

v.

                                    Case No. 4:18-cv-11697
                                    Honorable Linda V. Parker

GARY MINIARD,

      Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR BOND (ECF No. 35)

Before the Court is Petitioner's motion for bond. (ECF No. 35.) For the reasons that follow, the Court is granting Petitioner's motion.

On September 27, 2021, this Court granted Petitioner habeas relief after concluding that he was constructively denied the assistance of counsel at trial in violation of the Sixth Amendment. (ECF No. 33.) The Court reached this conclusion based on the fact that Petitioner's trial counsel, after losing a pre-trial motion to dismiss the charges on entrapment grounds, agreed to conduct a bench trial, during which counsel essentially conceded Petitioner's guilt by stipulating to the admission of the transcript from the entrapment hearing as substantive evidence without offering any additional evidence on Petitioner's behalf. Further, counsel made several statements at the trial which amounted to a stipulation of Petitioner's

guilt. Counsel waived opening argument and cross-examination of one of the two live witnesses called at the trial and made no closing argument. Although counsel did cross-examine one of the live witnesses who had been called as an expert to testify that an individual with ten kilos of cocaine intended to sell the cocaine, counsel simultaneously conceded the element of intent to deliver, telling the trial court that there was no need for an expert to testify that Petitioner intended to sell the cocaine.

This Court concluded that counsel's decision to stipulate to the admission of the entrapment hearing transcript at trial without questioning any witnesses, calling any defense witnesses, raising any defense, or even making an argument for acquittal amounted to an abandonment of Petitioner at his trial and thus constructively denied Petitioner the assistance of counsel at trial. Counsel's total failure to advocate Petitioner's cause amounted to a constructive denial of his Sixth Amendment right to the assistance of counsel. Accordingly, the Court granted Petitioner habeas relief.

Respondent has appealed the decision (ECF No. 36) and moved to stay the Court's order to release Petitioner if not retried within 180 days (ECF No. 43). As indicated, Petitioner filed a motion for bond pending appeal. (ECF No. 35.) On December 13, 2021, the Court granted Respondent's motion to stay and, in that

decision, indicated that it would request an investigation by pretrial services before deciding whether to release Petitioner on bond pending appeal. (ECF No. __.)

There is a presumption that a habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but "that presumption may be overcome if the judge rendering the decision, or an appellate court or judge, 'otherwise orders.'" *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987) (quoting Fed. R. App. P. 23(c)); *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992). Because habeas proceedings are civil in nature, "the general standards governing stays of civil judgments . . . also guide courts when they must decide whether to release a habeas petitioner pending the State's appeal[.]" *Hilton*, 481 U.S. at 776. Those factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Id*. at 776; *Workman*, 958 F.2d at 166.

In addition, the petitioner's risk of flight should be considered, as well as the risk that the petitioner's release will pose a danger to the community. *Hilton*, 481 U.S. at 777. The habeas court also should consider "the State's interest in

3

continuing custody and rehabilitation pending a final determination of the case on appeal[.]" *Id.* at 778. That interest "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* "The interest of the habeas petitioner in release pending appeal, always substantial, will be strongest where the factors mentioned [previously in this paragraph] are weakest." *Id.* at 777-78.

Petitioner is entitled to release on bond because Respondent fails to make a strong showing that he will succeed on the merits on appeal, particularly in light of trial counsel's complete failure to meaningfully challenge the prosecutor's case at trial. The Court granted Respondent a stay pending appeal only because "resources will be wasted if the State is required to retry Petitioner while the matter proceeds in the Sixth Circuit Court of Appeals." (ECF No. __.) The Court did not find that Respondent is likely to succeed on appeal when concluding that a stay is appropriate.

Other factors support granting Petitioner's motion for bond. Petitioner's only prior convictions are for the offenses at issue in this habeas case. Neither conviction is for a crime of violence. Respondent does not contend that Petitioner would be a flight risk if released and any risk could be mitigated by imposing strict conditions on his bond. In his report, the pretrial services officer indicates that Petitioner has a wife and daughter he can reside with if released and additional

family members who can provide emotional and financial support. These factors support granting Petitioner's bond motion. *See Pouncy v. Palmer*, 168 F. Supp. 3d 954, 967-68 (E.D. Mich. 2016).

"A successful habeas petitioner suffers 'a continuing injury while incarcerated.'" *Pouncy v. Palmer*, 168 F. Supp. 3d at 969 (quoting *Newman v. Metrish,* 300 F. App'x. 342, 344 (6th Cir. 2008)). Moreover, "the public has an interest in the state not continuing to incarcerate individuals like Petitioner who have not been accorded their constitutional right to a fair trial." *Id.* (internal quotation marks, brackets, and citation omitted).

This Court concludes that Respondent does not have a substantial likelihood of success on appeal and that the interests of Respondent and the public do not "militate against release." *Hilton*, 481 U.S. at 777-78. The presumption of release has not been rebutted and Petitioner should be released on bond pending appeal. This Court, however, will impose "strict conditions of release . . . to strike the proper balance between the interests of Petitioner, Respondent, and the public." *Pouncy*, 168 F. Supp. 3d at 970.

Specifically, Petitioner shall be released on a $10,000.00 unsecured bond with the following conditions:

> 1. Within **two (2) business days** of release, report in person to Pretrial Services at the Theodore Levin Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226.

2. Surrender any passport immediately and/or enhanced identification to the supervising officer as directed and apply for a standard license or identification.

3. Do not obtain a passport, enhanced identification, or other international travel documents.

4. Travel is restricted to the continental United States.

5. Do not possess a firearm, destructive device, or other dangerous weapon.

6. Do not use or possess an unlawful drug or other controlled substance.

7. Submit to any testing required by the supervising officer to determine whether Petitioner is using a prohibited substance. Testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Petitioner must not obstruct or attempt to obstruct or tamper with the efficiency and accuracy of any prohibited substance screening or testing.

Subject to these conditions, Petitioner's motion for bond pending appeal is **GRANTED** (ECF No. 35).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 24, 2022

```
```

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 24, 2022, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan
                                                Case Manager