UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LEE MOSS,

      Petitioner,

v.

      Case No. 4:18-cv-11697
      Honorable Linda V. Parker

GARY MINIARD,

      Respondent.
_____/

# OPINION AND ORDER DENYING RESPONDENT'S MOTION TO REVOKE PETITIONER'S BOND (ECF NO. 55)

Currently pending is Respondent's motion to revoke Petitioner's bond in light of the Sixth Circuit Court of Appeal's decision on March 17, 2023, reversing this Court's grant of habeas corpus relief to Petitioner. (ECF No. 55.) The Court has appointed counsel for Petitioner, who filed a response to the motion. (ECF No. 60.) Respondent replied. (ECF No. 61.) Respondent's motion, however, is premature. Moreover, the relevant considerations do not warrant revoking Petitioner's bond at this time.

While the Sixth Circuit issued a ruling with respect to Respondent's appeal, *see Moss v. Miniard*, 62 F.4th 1002 (2023), it has not issued a mandate. Petitioner in fact intends to seek en banc review in the Sixth Circuit and has moved for and been granted an extension until May 1 to file his petition for such review. *See*

*Moss v. Miniard*, Case No. 21-1655 (6th Cir.), ECF Nos. 46, 47.  A decision of a court of appeals is not final until the mandate issues.[1]  *See Mason v. Mitchell*, 729 F.3d 545, 551 (6th Cir. 2013) (citing Fed. R. App. P. 41(c)); Fed. R. App. P. 41 advisory committee's notes to 1998 amendment; *Youghiogheny and Ohio Coal Co. v. Milliken*, 200 F.3d 942 (6th Cir. 1999) ("Unlike district courts, the courts of appeals direct the district courts and administrative agencies over which they have appellate or reviewing jurisdiction through mandates, not through orders and judgments"); *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) (quoting *United States v. Jackson*, 549 F.3d 963, 980 (5th Cir. 2008)) ("Absent the issuance of a mandate, 'the original district court judgment remains in effect.'"); 5 Am. Jur. 2d *Appellate Review* § 776 (2d ed. 2002) ("until the mandate is issued, the lower court order remains in effect, even if vacated on appeal").

The factors relevant to whether Petitioner should be released pending appeal continue to favor Petitioner.  *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (listing factors).  Until the Sixth Circuit panel decision is final—if it in fact stands upon any further review—this Court continues to find that Respondent is not likely to succeed on the merits on appeal.  There can be few scenarios—absent the actual

---

[1] Even if Petitioner's request for en banc review is denied, he may file a petition for the writ of certiorari in the United States Supreme Court.  Petitioner may move to stay the mandate pending that filing and, if granted, "until the Supreme Court's final disposition."  *See* Fed. R. App. P. 41(d).

absence of counsel—where the "collapse of the adversarial system" could be clearer than it was in Petitioner's state court trial proceedings. *Moss v. Hofbauer*, 286 F.3d 851, 861 (6th Cir. 2002). Petitioner's trial counsel was "entirely unprepared," "fail[ed] to investigate the case and call witnesses whose names would have been known from even a cursory investigation," failed to meaningfully cross-examine and challenge the government's case, and his "sole action . . . was to concede the central point of guilt[.]" *Moss*, 62 F.4th at 1016-17 (Cole, J., dissenting).

Petitioner's only convictions are for those at issue in these proceedings and they are not crimes of violence. There has never been a suggestion that Petitioner poses a risk of flight or that he has attempted to flee in the almost year and a half he has been released on bond. Instead, since being released in January 2022, Petitioner has complied diligently with the conditions of release, secured and maintained employment, provided support financially and emotionally to his family, and volunteered in the community. Under the circumstances, the Court is perplexed by Respondent's fervent haste to return Petitioner to prison.

For the above reasons, the Court **DENIES** Respondent's motion to revoke

Petitioner's bond.

**SO ORDERED**.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: April 13, 2023