UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LEE MOSS,

                Petitioner,          Case No. 18-cv-11697

     v.

                                  HON. LINDA V. PARKER

GARY MINIARD, Warden,

                Respondent.

_____/

## Reply in Support of Renewed Motion for Relief

### I.    Concessions

Respondent argues that the sealed records are not relevant. But Respondent concedes that it has not reviewed these records. (Response, ECF No. 97, PageID.2421). Respondent could have, and in fact was required, to obtain these records as part of the initial proceedings in this case. It did not. To this day, Respondent has not asked for a copy of these records from the state court or from Moss. On January 28, 2025, Moss provided a status update to the Court, in which Moss notified Respondent and the Court that it received voluminous records under seal from the Oakland County Conviction Integrity Unit ("CIU"). (Status Update, ECF No. 83). In particular, Moss noted:

> The sealed records include over 150 pages of documentation, many of which confirm David Steingold's claim that an entrapment proceeding took place without the presence of

1

> Mr. Moss and without Moss's knowledge or consent. The sealed records also make mention to a video record of the proceeding, but undersigned counsel has not been provided a copy and is still trying to confirm is the recording is still accessible. Undersigned counsel is reviewing the entire documentation provided by the CIU—totaling over 1,000 pages—to note which documents should have been provided.

(*Id.* at 2305-2306) Moss is unaware of Respondent making any requests to the state court to access the same records provided to Moss by the CIU. Respondent has had opportunity to consult with the CIU and get a similar order to access the records. To our knowledge, no efforts have been made.

Rather, Respondent shifts the burden to Moss while Moss is proactively working to obtain permission to provide these materials to Respondent and this Court. After the September 10, 2025 status conference, Moss filed a motion with the state court to permit disclosure of the records with the Court and with Respondent. After receiving guidance from the CIU, Moss filed the motion on November 7, 2025, and is still awaiting an order. The state court has set a motions hearing for matter, tentatively scheduled for January 7, 2026. Importantly, Respondent in part frames their failure to review the records on the delay in the motion being granted (Resp.'s Br., ECF No. 97, PageID.2421), when they have had the knowledge of and means to get the records independently for nearly a year, at the very least.

## II.    Argument

### A. Respondent cannot rely on "relevance" when they have not reviewed the sealed records for relevancy.

Respondent's claim that the sealed records are irrelevant to Moss's claims fall flat when Respondent has made that determination without bothering to seek out or review the records. That fact alone undermines Respondent's insistence on avoiding its obligations under Rule 5. Moss can proffer that the sealed records contain a court order that provides critical context to what happened in the transcripts. Once the state court grants permission for Moss to file these records, he intends to do so. This Court should not issue any ruling on the merits of Moss's claims until a full record is obtained. Moss is not obtaining a "windfall" as Respondent claims. (Resp.'s Br., ECF No. 97, PageID.2423 ) On the contrary, Moss is working to correct a record that Respondent failed to complete from the start.

### B. The sealed records are relevant because they shed new light on Moss's *Cronic* claim.

Moreover, the sealed records are inherently relevant because they shed new light on Moss's *Cronic* claim, the issue at the heart of the Sixth Circuit's decision reversing the habeas grant. In the decision reversing on the *Cronic* claim, the court relied on the reasoning that "the complete-denial scenario does not apply to Moss's claims because there is no evidence that Moss's counsel was physically absent throughout an entire phase of the litigation or

that a state actor prevented Moss's counsel from adequately representing him." (Sixth Cir. Opinion, ECF No.54 at 14)

The sealed records, some of which pertain to the secret entrapment hearing, add credence to the claim that Steingold could not effectively represent Moss as a result of the state court's decision to hold a hearing where Moss could not be present, where Steingold could not relay what he learned from the hearing to his client, and where Steingold was not even able to take notes or notify Moss that a hearing even occurred. Further, the sealed records provide important context to the conversations at trial about the state court banning Steingold from calling a witness. If the heart of the *Cronic* claim is whether a state actor, including a state court judge, prevented Steingold from providing adequate representation, Moss's access to all sealed records that reference the entrapment hearing are critical to his claim, and should have been provided as part of Rule 5 disclosure at the onset.

## C. There is no record suggesting Moss has known about the sealed records since 2013.

It is disingenuous enough for Respondent to claim that Moss was not diligent in seeking release of these records when Respondent himself did not obtain them *even when required by rule to do so.* But importantly, part of the problem in the state court was that Moss was barred from participating

in the sealed *ex parte* hearing, and there is no indication he knew about the sealed court order and filings.

What we do know from Steingold is that, at the time he was representing Moss, "Steven Moss did not know about [the secret entrapment hearing]. . . the Court held an entrapment hearing in chambers without the Defendant's presence or knowledge. The attorney explained to me that he was not allowed to tell Mr. Moss of the hearing or the witness, and was not allowed to ask Mr. Moss to assist in preparing for the hearing." (Steingold's Letter, ECF No. 52, PageID.1993. Steingold subsequently signed a non-disclosure agreement holding him to the same requirements as prior counsel, presumably barring him from disclosing knowledge of the hearing to Moss. (*Id.*) While Steingold claims he encouraged Moss to file an interlocutory appeal, there is no confirmation from Steingold that he broke the non-disclosure agreement by explaining to Moss that a secret hearing had taken place without Moss's knowledge.

Respondent states that Moss *should have known* as early as 2013 because Steingold made brief mention of a "private restricted record" while in Moss's presence at a pretrial hearing. But if anything, the cited record only highlights the importance of the sealed records to Moss's *Cronic* claim and the possibility that the state prevented Steingold from adequately

representing Moss. (ECF No. 5-2, PageID.104) At that conference, Steingold insisted on an adjournment, citing the "lack of investigation that was done," and expressing dismay over not being "allowed to get a copy of [the private restricted record] for us to view it and stop it and take notes and go back." (*Id.*) The Court interrupts to state, "I've already made my rulings and I'm not going to change them." (*Id.*) The prosecutor then accused Steingold of violating the non-disclosure agreement by even making mention of the hearing in the presence of Moss, and the state dismisses Steingold's concerns by quipping "Then you shouldn't have signed the [non-disclosure agreement]" and "then you shouldn't have taken the case." (*Id.* at 106). Given's Moss total lack of criminal history and his unfamiliarity with criminal procedure, it is unclear how Respondent expects that Moss could glean from that short exchange that an injustice occurred, and it was upon Moss to find out more about the "private restricted record" that he knew he could not even consult his own attorney about.

### D. This Court should deny any request to treat the renewed motion as a successive petition.

Respondent also raises the troubling argument that it should be allowed to file incomplete Rule 5 materials, and then once they are revealed, petitioners can only pursue relief through a motion to file a second or successive habeas petition. Such a result would incentivize the Attorney

6

General to continue withholding Rule 5 materials that are unhelpful to the State, because petitioners would nearly be without a remedy if a decision is rendered before the incomplete Rule 5 materials are discovered.

Thankfully, Respondent is wrong about the law. As another court in this district has held, it is a procedural, not substantive, problem when the district court's consideration of a habeas claim is "stymied by the State's false representation" that all relevant state court records have been produced, when those records have not actually been produced. *Ray v. Bauman*, 326 F. Supp. 3d 445, 467 (E.D. Mich. 2018). Respondent makes no effort to distinguish or even address *Ray,* an implicit concession that the reasoning in *Ray*, including the inference that Moss's renewed Rule 60(b) motion rests on procedural grounds, is valid. This Court should follow the same approach here, finding that Respondent fraudulently advanced false premises for the court to rely its rulings on by withholding Rule 5 discovery.

Respondent also highlights that the CIU completed its review after Moss filed his renewed motion for relief under Rule 60(b). The CIU uncovered additional records related to cooperators on Moss's case that were held by the DEA. The recent revelation of these records is an additional reason to allow supplemental briefing that addresses these records in additional to the sealed court record from Oakland County.

## III.  Conclusion

The Court should grant Moss's renewed Rule 60(b) motion and to stay any further proceedings until the sealed records relevant to Moss's claims are able to be produced. After he is allowed to share those records, Moss seeks to supplement his briefing to discuss how these records support his claims.

Respectfully submitted,
/s/ Benton C. Martin
/s/ Daniel S. Dena
Attorneys for Steven Moss
613 Abbott St., Suite 500
Detroit, MI 48226
Phone: (313) 967-5542
Email: Benton_Martin@fd.org

Date: December 8, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LEE MOSS,

        Petitioner,

    v.

GARY MINIARD, Warden,

        Respondent.

_____/

Case No. 18-cv-11697

HON. LINDA V. PARKER

## Certificate of Service

On December 8, 2025, I filed this reply using the CM/ECF system, which will send notification to opposing counsel of record.

/s/Benton C. Martin

9